UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JAMES LEE HARDAWAY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 2:19-cv-00009-JPH-DLP |
| JACKIE WEST-DENNING, MICHAEL SMITH, | ) ) ) ) | |
| Defendants. | ) | |

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* AND DENYING MOTION TO APPOINT COUNSEL**

**I.**

The plaintiff's motion for leave to proceed *in forma pauperis*, dkt. [41], is **granted to the extent** that the Court determines that the plaintiff lacks sufficient funds to hire a private attorney.

**II.**

The plaintiff's motion to appoint counsel, dkt. [43], has been considered. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

1

"Two questions guide [this] court's discretionary decision whether to recruit counsel: (1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Walker*, 900 F.3d at 938 (*quoting Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)).

As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt v. Mote,* 503 F.3d 647, 653 (7th Cir. 2007); *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because neither of the plaintiff's requests for counsel showed that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion) (citing *Pruitt*, 503 F.3d at 654–55 (7th Cir. 2007) (en banc)); *Romanelli v. Suliene*, 615 F.3d 847, 851–52 (7th Cir. 2010) (explaining that the denial of a motion to recruit counsel was justified by the district court's finding that the plaintiff had not tried to obtain counsel)). Here, the plaintiff has reasonably attempted to secure private counsel without success.

To decide the second question, the Court considers "'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Olson*, 750 F.3d at 712 (7th Cir. 2014) (quoting *Pruitt,* 503 F.3d at 655). These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. The Seventh Circuit has specifically declined to find a presumptive right to counsel in some categories of cases. *McCaa v Hamilton*, 893 F.3d 1027, 1037 (7th Cir. 2018) (Hamilton, J., concurring); *Walker*, 900 F.3d at 939.

The plaintiff's current motion to appoint counsel reflects that he is competent to litigate this action on his own. His claim that he has received unsatisfactory medical treatment for

hemorrhoids is straightforward. He has personal knowledge of the alleged events. He reads and writes at a high school level. Although he dropped out of school in the tenth grade, he later earned his G.E.D. He states that his hemorrhoids make it difficult to sit for long periods of time and that he has trouble understanding legal texts. He has received help with this litigation from another inmate in the past, but he prepared the current motion on his own. The motion is comprehensible and adequately conveys the plaintiff's situation to the Court.

The plaintiff's motion reflects that he faces the same challenges as nearly all prisoners proceeding pro se. As the Seventh Circuit has recognized, "imprisonment only exacerbates the already substantial difficulties that all pro se litigants face. But Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases." *Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014). Given the massive amount of pro se prisoner litigation, it is simply impossible to recruit pro bono counsel for each of these cases.

The plaintiff is competent to litigate this action himself. Although physical limitations keep him from sitting for long periods of time, he may request an extension of time if this limitation interferes with his ability to meet a Court-ordered deadline. Should he find that a particular litigation task is beyond his abilities, he may renew his motion for counsel. Furthermore, the Court will be alert to the possibility of recruiting representation for the plaintiff at trial or at other points in the case where the plaintiff's incarceration and pro se status would make it particularly difficult for him to proceed without representation and where the assistance of counsel would be a benefit to both the plaintiff and the Court in the presentation of the case. For now, the motion to appoint counsel, dkt. [43], is **denied without prejudice**.

**SO ORDERED.**

Date: 1/2/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JAMES LEE HARDAWAY
144165
BRANCHVILLE - CF
BRANCHVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only


Douglass R. Bitner
KATZ  KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com


Brandon Alan Skates
INDIANA ATTORNEY GENERAL
brandon.skates@atg.in.gov